IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.M., a minor, by and through MARJORIE M., as her parent and legal guardian, | ) ) ) ) | Civil Action No. 2:22-cv-1369 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BROWNSVILLE AREA SCHOOL DISTRICT, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiff, K.M., a minor, by and through MARJORIE M., as her parent and legal guardian, and by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's rights, and in particular, the right to be free from racial discrimination. This action is brought against the Defendants for violating the Plaintiffs' rights under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq.

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

4. Plaintiff K.M. is a bi-racial minor child under the primary care, physical custody and control of her parent and legal guardian, Marjorie M.

5. Defendant, Brownsville Area School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 5 Falcon Drive, Brownsville, Pennsylvania 15417.

6. At all times relevant hereto, Defendant was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

## FACTUAL ALLEGATIONS

7. Defendant is a public school district.

8. Plaintiff K.M. is a bi-racial minor child. Plaintiff's K.M.'s father is African-American and her mother is Caucasian.

9. At all times relevant to this Complaint, Plaintiff K.M. was a member of the Defendant's track and field team.

10. Throughout the 2022 track and field season, Plaintiff K.M. ran the 4 x 100 metres relay.

11. Plaintiff K.M. qualified to run the 4 x 100 metres relay at the Western Pennsylvania Interscholastic Athletic League ("WPIAL") track and field championships held at Slippery Rock University.

12. On or about May 18, 2022, Plaintiff K.M. arrived at Defendant's facility to be transported to Slippery Rock University for the WPIAL championships.

13. At that time, Defendant's coach, Chad Gaster ("Gaster"), told Plaintiff K.M. that she was not running the 4 x 100 metres relay at the championships. Coach Gaster alleged that Plaintiff K.M. was hurt.

14. Plaintiff K.M. has "shin splints" and experiences pain in her legs from running. That pain does not affect Plaintiff K.M.'s ability to run and subsides after she stretches.

15. Plaintiff K.M. has not been instructed by a doctor to refrain from running.

16. Other members of the Defendant's track and field team, including Caucasian individuals, also experience pain in their legs after running and/or have "shin splints."

17. However, Plaintiff K.M. was the only individual that was removed from an event in the track and field championships by the Defendant due to leg pain and/or "shin splints."

18. Plaintiff K.M.'s mother then contacted Defendant's coach, James Barak ("Barak").

19. At that time, Coach Barak stated that Plaintiff K.M. would not run the 4 x 100 metres relay, but would instead be the "backup" for a different event at the WPIAL championships.

20. In response, Plaintiff K.M.'s mother instructed Coach Barak to return Plaintiff K.M. to her custody.

21. Plaintiff K.M.'s mother then took her to see a chiropractor, David Furlong ("Furlong"). After evaluating Plaintiff K.M., Dr. Furlong advised that she was able to run.

22. The following day, Defendant alleged that Plaintiff K.M. was not permitted to participate in her event because she "did not practice" the previous day. That allegation was, and is false, as Plaintiff K.M. participated in practice the previous day.

23. Plaintiff K.M. believes, and therefore avers, that she was removed from the 4 x 100 metres relay because of her race, African-American and Caucasian.

24.     Defendant replaced Plaintiff K.M. in the 4 x 100 metres relay with a Caucasian individual at the WPIAL championships.

25.     As described hereinbefore above, Caucasian members of the track and field team also experience pain in their legs from running.  Those individuals were not removed from their events by the Defendant.

26.     Furthermore, a Caucasian member of the track and field team that was on "social suspension" was permitted by the Defendant to run at the WPIAL track and field championships.

27.     Plaintiff K.M., however, was not permitted to participate in track and field meets and/or championships the previous year due to a "social suspension."

28.     For the reasons described hereinbefore above, Plaintiff K.M. believes, and therefore avers, that she has been discriminated against by the Defendant based on her race and that Caucasian members of the track and field team are treated more favorably than Plaintiff K.M. by the Defendant.

29.     As a direct and proximate result of the Defendant's discrimination, Plaintiff K.M. was unable to participate in the WPIAL track and field championships for which she qualified.

30.     Plaintiff K.M. believes, and therefore avers, that participation in the WPIAL track and field championships would provide meaningful exposure to collegiate athletics recruiters.

31.     As a direct and proximate result of the Defendant's actions, as more fully described hereinbefore above, Plaintiff K.M. was denied that meaningful exposure to collegiate athletics recruiters.

32.     As a direct and proximate result of the Defendant's actions, as more fully described hereinbefore above, Plaintiff K.M. experienced emotional distress.

## COUNT I:

## PLAINTIFF v. DEFENDANT

### VIOLATION OF PLAINTIFF'S RIGHTS UNDER
### TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. 2000d et seq.

### <u>TITLE VI</u>

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth at length herein.

34. Defendant is a public school district.

35. Plaintiff K.M. is a bi-racial child. Plaintiff K.M.'s father is African-American.

36. As more fully described hereinbefore above, Plaintiff K.M. was subjected to discrimination based on her race, in that Defendant did not allow her to participate in the track and field championships, she was replaced by a Caucasian individual and other Caucasian individuals were permitted to participate in the championships.

37. Plaintiff K.M. believes, and therefore avers, that participation in the WPIAL track and field championships would provide meaningful exposure to collegiate athletics recruiters.

38. As a direct and proximate result of the Defendants actions, as more fully described hereinbefore above, Plaintiff K.M. was denied that meaningful exposure to collegiate athletics recruiters.

39. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant through its agents, Plaintiff suffered the following injuries and damages:

    a. violation of the Plaintiff's rights under Title VI of the Civil Rights Act of 1964;

    b. emotional distress;

    c. denial of meaningful exposure to collegiate athletics;

d.  economic damages related to any and all other consequential costs; and

e.  such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiffs*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

September 26, 2022